UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD N. KUMIYAMA,

   Petitioner,

  v.

G. D. LEWIS, Warden,

   Respondent.

Case No. 13-cv-03265-JST (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

  Petitioner, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the $5.00 filing fee for a habeas petition.

  The petition challenges petitioner's re-validation as an active prison gang associate and his resulting retention in administrative segregation. Petitioner claims that his re-validation as a prison gang member is based on unreliable evidence and that respondent violated his due process rights in the validation proceedings.

  " 'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.' " Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. The Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."

Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); accord Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement).

It is not clear whether petitioner lost time credits as a result of the gang re-validation proceedings.  Accordingly, the petition is DISMISSED with leave to amend.  In his amended petition, petitioner must tell the Court whether he lost any time credits and, if he did lose credits, how many.  If petitioner's claims challenge the solely the conditions of his confinement and will not necessarily shorten his sentence if successful, they must be brought in a civil rights complaint, not in a habeas petition.

Within **thirty (30) days** of the date of this order, petitioner shall file an amended petition addressing the above-listed concerns.  The amended petition must include the caption and civil case number used in this order (13-3265 JST (PR)) and the words AMENDED PETITION on the first page.  Because an amended petition completely replaces the previous petition, petitioner must include in his amended petition all the claims he wishes to present.  Petitioner may not incorporate material from the prior petition by reference.  **Failure to file an amended petition in accordance with this order will result in dismissal of this action.**

**IT IS SO ORDERED.**

Dated:  October 24, 2013



_____
JON S. TIGAR
United States District Judge