1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    EDWARD N. KUMIYAMA,                         Case No.  13-cv-03265-JST (PR)

              Petitioner,

8

         v.                                      **ORDER TO SHOW CAUSE**

9

10   G. D. LEWIS, Warden,

              Respondent.

11

12

13        Petitioner, a state prisoner incarcerated at Pelican Bay State Prison ("PBSP") and

14   proceeding pro se, has filed an amended petition for a writ of habeas corpus under 28 U.S.C.

15   § 2254.  He has paid the filing fee.

16                                **DISCUSSION**

17   **A.    Standard of Review**

18        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

19   custody pursuant to the judgment of a state court only on the ground that he is in custody in

20   violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v.

21   Hodges, 423 U.S. 19, 21 (1975).

22        A district court shall "award the writ or issue an order directing the respondent to show

23   cause why the writ should not be granted, unless it appears from the application that the applicant

24   or person detained is not entitled thereto."  28 U.S.C. § 2243.

25   **B.    Petitioner's Claims**

26        In his petition, petitioner alleges that he was validated as a prison gang associate of the

27   EME prison gang while housed at California State Prison – Sacramento in 2006.  In 2011, he was

28   re-validated as an associate of the EME prison gang and was given an indeterminate sentence in

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2
the Secured Housing Unit ("SHU") at PBSP.  California Penal Code § 2933.6, as amended

3
effective January 25, 2010, precludes good time credits while in the SHU.  Petitioner contends that

4
the application of the amended version of § 2933.6 to him resulted in his minimum release date

5
being extended from March 3, 2017 to May 14, 2018.  Petitioner claims he did not receive due

6
process at his re-validation hearing.  Liberally construed, petitioner's claim are cognizable under

7
§ 2254 and merit an answer from respondent.

**CONCLUSION**

8
        1.  The Clerk shall mail a copy of this order and the petition, with all attachments, to the

9
respondent and the respondent's attorney, the Attorney General of the State of California.  The

10
Clerk shall also serve a copy of this order on petitioner.

11
        2.  Respondent shall file with the Court and serve on petitioner, within **ninety-one (91)**

12
**days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

13
Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted

14
based on the claims found cognizable herein.  Respondent shall file with the answer and serve on

15
petitioner a copy of all portions of the record of the gang validation proceedings that are relevant

16
to a determination of the issues presented by the petition.

17
        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

18
Court and serving it on respondent within **twenty-eight (28) days** of the date the answer is filed.

19
        3.  Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural

20
grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules

21
Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the

22
Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight**

23
**(28) days** of the date the motion is filed, and respondent shall file with the Court and serve on

24
petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

25
        4.  Petitioner is reminded that all communications with the Court must be served on

26
respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep

27

28
2

the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: December 25, 2013



JON S. TIGAR
United States District Judge

3